FILED'08 JUL 09 11:27USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANE DOE 130,

                         Plaintiff,

v.

THE ARCHDIOCESE OF PORTLAND
IN OREGON, THE ROMAN CATHOLIC
ARCHBISHOP OF PORTLAND IN
OREGON, and J.V.H.,


                         Defendants.

CV 08-193-PK

OPINION AND
ORDER

PAPAK, Magistrate Judge:

     This action was filed against defendants The Archdiocese of Portland in Oregon (the

"Archdiocese"), The Roman Catholic Archbishop of Portland in Oregon (the "Archbishop"), and

Father J. V. H. by fictitiously-named plaintiff Jane Doe 130 ("Jane") on February 14, 2008.  Jane

Page 1 - OPINION AND ORDER

alleges defendants' vicarious liability for sexual battery of a child and intentional infliction of

emotional distress on a theory of *respondeat superior*, and direct liability for negligence and

fraud. This court has jurisdiction over Jane's action pursuant to 28 U.S.C. § 1334(b), based on

the relatedness of these proceedings to a case arising under Title 11 of the United States Code.[1]

Now before the court is Fr. J.V.H.'s motion for protective order (#13), seeking an order

preventing dissemination of materials produced by him in discovery beyond Jane's litigation

team. This court has considered Fr. J.V.H.'s motion and all of the pleadings on file. For the

reasons set forth below, the motion for protective order is denied.

## LEGAL STANDARDS

Pursuant to Federal Civil Procedure Rule 26(c), a court may for "good cause" issue a

protective order "to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense," including an order:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

* * *

(E) designating the persons who may be present while the discovery is conducted;
[or]

(F) requiring that a deposition be sealed and opened only on court order. . . .

Fed. R. Civ. P. 26(c)(1).

To obtain a protective order, the party resisting discovery or seeking limitations must

---

[1] Specifically, this action is subject to the future claims fund under the Third Amended
and Restated Joint Plan of Reorganization confirmed in *In re Roman Catholic Archbishop of
Portland*, 04-37154, which, in relevant part, sets a $20 million cap on the total funds available to
pay all claims made against the Archdiocese through 2023.

Page 2 - OPINION AND ORDER

show "good cause" for its issuance by demonstrating harm or prejudice that will result from the discovery. Fed. R. Civ. P. 26(c)(1); *see also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002). Generally, a party seeking a protective order must meet a "heavy burden" to show why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## FACTUAL BACKGROUND

Jane has requested all records concerning Fr. J.V.H. from third-party Mount Angel Seminary and the Congregation of the Holy Cross in Notre Dame, Indiana, including psychological assessments, correspondence, disciplinary records, and academic transcripts. Fr. J.V.H. asserts, through his counsel, that in the past Jane's father has disclosed Fr. J.V.H's private papers to his family members and to others in an effort to harass and embarrass him. Fr. J.V.H. expresses the concern that, in the absence of a protective order to prevent dissemination of private documents produced by him in discovery beyond Jane's litigation team, her father will disseminate discovered documents to the media and others for purposes unrelated to these proceedings.

## ANALYSIS

It is well settled that, under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), when sitting in diversity federal courts apply state substantive law and federal procedural law. *See Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Moreover, the Ninth Circuit recently made clear that this *Erie* principle applies with equal force regardless of the court's jurisdictional basis, holding that "the basis of a federal court's jurisdiction over a state law claim is irrelevant for *Erie* purposes." *Sea Hawk Seafoods v. Exxon Corp.*, 484 F.3d 1098, 1100 (9th

Cir. 2007). The court specified that "[w]here state law supplies the rule of decision, it is the duty of federal courts to ascertain and apply that law." *Id.*, *quoting Witzman v. Gross*, 148 F.3d 988, 990 (8th Cir. 1998). This court will therefore apply Oregon substantive law and federal procedural law in deciding Fr. J.V.H.'s motion. *See id*; *see also UNR Indus. v. Continental Casualty Co.*, 942 F.2d 1101, 1104 (7th Cir. 1991) (applying state law where jurisdiction arose under 28 U.S.C. § 1334(b)).

## I.    Motion for Protective Order

To obtain a protective order, the party resisting discovery or seeking limitations on production or dissemination of discovered documents must show "good cause" for its issuance by demonstrating harm or prejudice that will result from the discovery. Fed. R. Civ. P. 26(c)(1). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-1211, *citing Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); *see also San Jose Mercury News, Inc. v. United States Dist. Court - N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999) (to obtain a protective order a party must make a "particularized showing of good cause with respect to any individual document"). The Ninth Circuit has characterized the burden the resisting party must meet as "heavy." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)

If the party seeking protection establishes that the requisite particularized harm will occur absent a protective order, the courts must then balance the public interest in access to the information against the party's private interest in shielding it from public scrutiny to determine

whether a protective order is appropriate. *See Phillips*, 307 F.3d at 1211, *citing Glenmede Trust*

*Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

      Moreover, Local Rule 26.6 provides as follows:

> A party or person asserting there is good cause for the Court to make an order that would limit access to discovery materials not filed with the Court, or would authorize a party or person to file any materials with the Court under seal, **must show with respect to each particular material or category of materials that specific prejudice or harm will result if no order is granted. The showing must be sufficiently detailed to permit the Court in its good cause examination to identify specific factors supporting entry of the order sought.** Where the order sought would authorize a party to file materials under seal, the showing also must articulate why, as an alternative to filing under seal, the information sought to be protected could not be redacted. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning does not satisfy the requirements of this rule. The showing must be made even if the other party stipulates to the entry of the order.

L.R. 26.6 (emphasis supplied).

      Here, Fr. J.V.H. has not met his burden of showing with respect to individual documents

that specific prejudice or harm will occur if a protective order is not granted to prohibit public

dissemination of materials produced in discovery. Instead, Fr. J.V.H. offers the affidavit of his

counsel to the effect that "Father J.V.H. is concerned" that Jane's father "may" publicly

disseminate unspecified documents. Moreover, the proposed protective order submitted by Fr.

J.V.H. would apply with equal force to *all* documents produced to Jane pursuant to subpoena in

this action, rather than only to those as to which a particularized showing of good cause could be

made.

      The court notes that it has recently, in related proceedings, granted a similar request for a

protective order filed by the archdiocesal defendants herein. *See Doe 110 v. Archdiocese of*

***Portland, et al., No. 07-1129-PK. The distinction between the order in the 07-1129 case and that***

at issue here is that the 07-1129 order contains a mechanism by which a producing party may either elect or decline to designate each document produced in discovery as "confidential." Only documents so designated receive the order's protections against public dissemination. Furthermore, the 07-1129 order permits the propounding party to challenge the other party's confidential designations, and contemplates that, in the event the parties fail to resolve the dispute among themselves, the court would decide whether a particularized showing of harm in the event of dissemination had been made by the designating party. Here, by contrast, Fr. J.V.H.'s order would provide for a blanket, one-sided ban on dissemination by one party only, without requiring that any particularized showing of good cause be made as to any document or category of documents.

Because Fr. J.V.H. has not made a particularized showing of prejudice or harm that would occur absent an order preventing public dissemination of documents produced in discovery, his motion for protective order is denied without prejudice.

## CONCLUSION

For the reasons set forth above, Fr. J.V.H.'s motion for protective order (#13) is denied.

Dated this 9th day of July, 2008.

Honorable Paul Papak
United States Magistrate Judge