**Kelly Clark, OSB #831723**
E-Mail: kellyc@oandc.com
**Gilion C. Dumas, OSB #922932**
E-Mail: giliond@oandc.com
**Peter B. Janci, OSB #074249**
E-Mail: peterj@oandc.com
O'Donnell Clark & Crew LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, OR 97209
Phone: (503) 306-0224
Fax: (503) 306-0257

Attorneys for Plaintiff Jane Doe 130

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JANE DOE 130,** a minor individual proceeding under an assumed name, by and through her **Guardian *Ad Litem*, Farley, Piazza & Associates**, | Case No. 3:08-cv-0193-PK |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM ARCHDIOCESE DEFENDANTS** |
| v. | |
| **THE ARCHDIOCESE OF PORTLAND IN OREGON**, an Oregon corporation; **THE ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON** and successors, a corporation sole d.b.a. **THE ARCHDIOCESE OF PORTLAND IN OREGON;** and **FR. J.V. H.**, an individual and agent of the Archdiocese, | |
| Defendants. | |

## INTRODUCTION

In the Motion to Compel filed herewith, Plaintiff requests that the Court order

Archdiocese Defendants to produce documents responsive to Plaintiff's Request for Production

No. 23.  That request, and Archdiocese Defendants' response, are as follows:

/ / / /

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

**REQUEST NO. 23:**  All demand letters, responses and copies of (initial, not amended) civil complaints regarding all child sexual abuse claims made against the Archdiocese of Portland from [1975][1] to 2004.  In the alternative, Defendants may satisfy this Request in its response to Plaintiff's Second Set of Interrogatories to Archdiocesan Defendants.

**RESPONSE**:  The Archdiocese respectfully objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery in this case and it seeks documents which are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Further objection: This Request seeks information that is sensitive and confidential and would require Archdiocese to disclose the identity of prior claimants in violation of assurances of anonymity given to these persons by the bankruptcy court where they filed their claims, by Oregon courts which allowed them to proceed under their initials rather than their names, or in their settlement agreements.

       Notwithstanding these objections, the Archdiocese has received no prior claims of sexual abuse against Fr. JVH, the accused in the present case.

*Archdiocese Defendants' Response to Plaintiff's Second Request for Production.*  As the language of the request indicates, Plaintiff also submitted to Archdiocese Defendants a corresponding interrogatory to provide the requested information if that format proved more convenient.  Archdiocese Defendants refused to produce documents responsive to this request and also refused to respond to the corresponding interrogatory.  Archdiocese Defendants object to the production of documents regarding other complaints of abuse involving any other priests. Accordingly, Plaintiff moves for an order compelling the production of all documents responsive to this request pursuant to FRCP 37 and LR 37.

Rule 37 allows a party to move for a court order compelling the production of documents in response to a request for production.  FRCP 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iv) a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34").

As discussed below, the documents requested are relevant to Plaintiff's claims and are

---

[1]  Plaintiff originally requested "other complaints" dating back to the 1950's.  However, based on discovery in this case, Plaintiff amended her allegations and narrowed her request to responsive documents from 1975 to 2004.  *See* Declaration of Peter B. Janci.

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

not privileged.  Moreover, Defendants' objections are mainly formulaic and unspecified, and are therefore improper.  Finally, concerns about the sensitive nature of the documents requested are resolved by the protective order in place in this case.  Accordingly, the Court should grant Plaintiff's motion and order the Archdioceses Defendants to produce documents responsive to the request in question.

**(1)**      <u>Documents Related to Other Complaints of Child Sexual Abuse Against Archdiocese Defendants are Relevant to Plaintiff's Claims</u>.

Other complaints of abuse are properly requested by Plaintiff and are discoverable. FRCP 26(b) states, "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."   The standard for determining relevancy under the Federal Rules is very broad.  *See, e.g. ,*8 Fed. Prac. & Proc. Civ.2d s.2008 ("[I]t is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action").  Documents evidencing other complaints of child sexual abuse against the Archdiocese Defendants during the years 1975 to 2004 are relevant to Plaintiff's claims for misrepresentation and negligence.

     **A.**      *Other Complaints are Relevant to Plaintiff's Misrepresentation Claim.*

Plaintiff has alleged a misrepresentation claim based on the theory that Defendant concealed from parishioners and the public that it had a known, institution-wide problem with priests sexually abusing children. Under Oregon law, the elements of fraud are "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury." *Williams v. Philip Morris Inc.*, 182 Or.App. 44, 49-50, 48 P.3d 824, *adh'd to on recons*, 183 Or.App. 192, 51 P.3d 670 (2002) [2]  (subsequent history omitted) (quoting *Conzelmann v. N.W.P. & D. Prod. Co.*, 190

---

[2]   While the *Williams* case has a long procedural history, the Oregon Court of Appeal's first opinion on the fraud issues has not been altered by subsequent decisions.  In its third opinion in the case,

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

Or. 332, 350, 225 P.2d 757 (1950)).

In *Williams*, the court examined Oregon fraud law and concluded that a plaintiff does not need to prove that a defendant expressly directed its misrepresentations to the plaintiff, or even knew of his existence, so long as the plaintiff can show that he was within a class of people the defendant intended to be recipients of and to rely on the message that it conveyed.  182 Or.App. at 54.  As the court explained, "a person who makes a misrepresentation may be liable to the intended recipients of a misrepresentation without regard to whether the person making the representation intends to defraud a particular person."  *Id.* at 53.  The court based this conclusion in part on *Coughlin v. State Bank of Portland*, 117 Or. 83, 243 P.78 (1926), in which the Oregon Supreme Court stated:

> Where misrepresentations are made to the public at large, or to a particular class of persons, with the intention of influencing any member of the public, or of the class, to whom they may be communicated, any one injured through proper reliance thereon may secure redress.  In such a case it is not necessary that there should be an intent to defraud any particular person; but the representation must of course have been intended for the public, or for a particular class of persons to which the complainant belonged.

117 Or. at 96 (quoting 26 CJ 1121-23, § 48bb).

A misrepresentation may arise out of concealment rather than an affirmative falsehood. *In re Conduct of Brown*, 326 Or. 582, 595, 956 P.2d 188 (1998) (citing *In re Brown*, 255 Or. 628, 634-35, 469 P2d 763 (1970)).  A false representation by concealment occurs when a person, by any word or act, conceals a material matter either by creating a false impression covering up the truth, or by removing an opportunity that might otherwise have led to the discovery of the truth.  *Package Containers v. Director's*, 270 Or. 845, 852-853, 530 P.2d 40 (1974); *Musgrave v. Lucas*, 193 Or. 401, 410, 238 P.2d 780 (1951) ("Actionable fraud may be committed by a concealment of material facts as well as by affirmative and positive misrepresentation.").

Moreover, fraud may be predicated on a failure to make a full and fair disclosure of all

---

the Oregon Court of Appeals expressly "readopted" its original decision on the fraud issues. 193 Or.App. at 530 and 535.  Following this affirmation, fraud issues were not the subject of subsequent proceedings.

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

material facts where the parties stand in a confidential or fiduciary relation to one another.  In

such circumstances, the defendant must not conceal information, but must disclose to the

plaintiff all material matters of which the defendant has knowledge.  *Starkweather v. Shaffer*,

262 Or. 198, 206 n. 3, 497 P.2d 358 (1972).

      Here, the basis for Plaintiff's misrepresentation claim is that Defendant failed to make

honest representations. Specifically, the impression that priests were safe around children – an

impression created and fostered by Archdiocese Defendants – was false, and Defendant knew it

was false because Defendant knew that a certain percentage of its priests actively and

systematically molested children.  Specifically, Plaintiff has alleged that "Archdiocese

Defendants knew by at least the 1980's or much earlier that its institution had a serious, wide-

spread problem with its clergy engaging in inappropriate sexual contact with children."  (Second

Amended Complaint at ¶ 39).  Nonetheless, Defendant continued to conceal the truth from

Plaintiff and others -- including representing to the public that their "priests were subject to a set

of qualifications and behavioral parameters, including celibacy, and were therefore 'sexually

safe' toward parishioners young and old."  (Second Amended Complaint at ¶ 37).  In sum, rather

than informing parishioners and the public of the truth, and taking steps to end or at least control

the problem of abuse by priests, Archdiocese Defendants covered up the problem by doing all it

could to prevent parishioners and the public from learning the truth.

      Plaintiff will argue to the jury that, had Archdiocese Defendant not committed fraud by

creating a false impression and concealing the truth of its child abuser problem in general, and its

knowledge of Fr. JVH's dangerousness in particular, she would not have been abused by Fr.

JVH.  Just as the plaintiff in *Williams* was allowed to argue that he contracted cancer because

Philip Morris concealed the dangers of cigarettes ***from the public in general***, Plaintiff in this

case can argue that Archdiocese Defendants allowed child abuse by concealing the danger of

pedophile priests from parishioners and the public.

      The request for other complaints of child sexual abuse within the Archdiocese

Defendants' institutions seeks documents that are entirely relevant to Plaintiff's

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

misrepresentation claim. Documents demonstrating other incidences of child sexual abuse between 1975 and 2004 go directly to whether the representations about the safety of the Archdiocese Defendants priests and programs were, in fact, false. These document also go to whether the Archdiocese Defendants were aware of the falseness of these representations.

### B.    Other Complaints are Relevant to Plaintiff's Negligence Claims.

Other complaints of abuse are also directly relevant to Plaintiff's negligence claims. Here, Plaintiffs have alleged that "by approximately August of 1993, prior to final acceptance of Fr. J.V.H. as a priest, Archdiocese Defendants became aware that Fr. J.V.H. posed an emotional, physical or sexual danger to those in his care and influence." (Second Amended Complaint at ¶ 31.) Plaintiff has alleged that Archdiocese Defendants became aware of several facts that:

> [a] reasonable person in the position of the Archdiocese Defendants would have viewed . . . together and recognized as early as 1993 and at the latest prior to the last of the abuse suffered by Plaintiff that Fr. J.V.H. posed an emotional, physical or sexual danger to those in his care and influence. *In particular, the Archdiocese of Portland's extensive experience with instances of child sexual abuse since the 1950's gave them ample reason to know of the potential warning signs indicating that a priest might be dangerous to those in his care and influence*.

Second Amended Complaint at ¶¶ 31 - 32 (emphasis added). Thus, the Archdiocese Defendants' knowledge of other complaints of abuse goes directly to whether it was foreseeable to Archdiocese Defendants from the facts known to them in 1993 that Fr. JVH posed the type of risk at issue in this case.

In other words, under Plaintiff's claims for institutional negligence and misrepresentation, the issue is whether Archdiocese Defendants were aware of the extent of the pedophilia threat during the time period at issue, whether their knowledge of their institutional problem of child abuse should have made them aware that Fr. JVH posed a risk to children, and whether Archdiocese Defendants' responses (or lack thereof) to the risk posed by Fr. JVH were reasonable, timely and/or effective.

Moreover, the fact that Plaintiff's abuse began in the late 1990's does not make documents predating that point in time irrelevant or outside the scope of discovery. Rather, the conduct for which Archdiocese Defendants are liable to Plaintiff occurred during two time

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

frames: (1) the sexual abuse itself occurred over a period of years beginning around 1999; and (2) the negligence and fraud occurred over an extended time period leading up to and during the abuse of Plaintiff. Plaintiff's claims of misrepresentation and support the discovery of other complaints of abuse that pre-date and post-date any alleged abuse because these claims create the issue of whether Archdiocese Defendants were aware of the severity the pedophilia threat during the time leading up to and including Plaintiff's abuse and whether Archdiocese Defendants' response to the risk posed by Fr. J.V.H., were timely, effective and reasonable in light of their knowledge about their institution-wide problem with child abuse.

For these reasons, the documents regarding other complaints of abuse are relevant to Plaintiff's claims of fraud and negligence. As such Plaintiff is entitled to them unless they are otherwise objectionable or privileged.

**(2)      Meritless Objections**

Archdiocese Defendants have raised a number of formulaic objections to the discovery request at issue in this motion:

> The Archdiocese respectfully objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and outside the scope of permissible discovery in this case and it seeks documents which are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

*Archdiocese Defendants' Response to Requests for Production* at Request 23. Yet, Defendants have failed to specify how Request 23 is objectionable on the various grounds asserted. Rather, the exact language of this list of objections is repeated in response to multiple of Plaintiff's Requests for Production. See *Archdiocese Defendants' Response to Plaintiff's Second Requests for Production* at 17, 19, 21, and 23.

These types of laundry-list objections are not proper under the Federal Rules of Civil Procedure. An objecting party "must state the specific reasons for their objections to the discovery requests." *PLX, Inc. v. Prosystems, Inc.*, 220 F.R.D. 291,293 (N.D. W.Va. 2004). "[The] mere recitation of the familiar litany that an interrogatory or a document production

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." *Momath v. Albert Einstein Medical Center*, 164 F.R.D. 412,417 (E.D. Pa. 1996) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985,991-992 (3rd Cir. 1992)). Accordingly, Defendants' litany of formulaic objections ring empty.

Finally, it should be noted that Defendants' objection that the request for other complaints of abuse is overly burdensome has been found unpersuasive in several other strikingly similar case involving claims related to child sexual abuse.   The Oregon Circuit Court for Multnomah County has ordered the production of files regarding complaints of other sexual abuse in at least one similar case.  *See* Order on Motion to Compel, *M.S., et al. v. the Boy Scouts of America et al.*, Multnomah County Circuit Court Case No. 0801-01668 (Judge Kathleen Daily ordered the production of secret internal "ineligible volunteer" files "between 1965 through 1985 that involve any allegations of 'child sexual abuse' as that term is defined in ORS 12.117"), Exhibit 3.[3]  Further, in *T.S., M.S. and K.S v. Boy Scouts of America et al.*, 157 Wash. 2d 416, 138 P.3d 1053 (2006), the Washington State Supreme Court upheld a trial court's decision to allow discovery of at least twenty years worth of files or complaints of sexual abuse despite their numerosity, which was estimated by the court at over 2,000 files.  138 P.3d at 1055.  Significant numbers of ineligible volunteer files are reported to have been produced in several other cases. *See* Patrick Boyle, "Confidential Files," SCOUTS HONOR: SEXUAL ABUSE IN AMERICA'S MOST TRUSTED INSTITUTION 55 (Prima Publishing) (1994), *citing Doe v. Trueman,* Sacramento County (CA) Superior Court (1990), and *Infant C. V. Boy Scouts of America, Inc.,* 239 Va. 572, 391 SE2d 322 (1990), Exhibit 4.  Like theses cases, the Archdiocese Defendants' burden of compiling these complaints of abuse is in line with any other civil discovery request and is not overly burdensome.

**(3)    Privacy Interests are Already Protected.**

Archdiocese Defendants only objection that is specific to the request in question is as

---

[3]  In *M.S.*, Judge Daily allowed the production of IV files from 1965 to 1985 for abuse occurring during the time period 1977 through 1979.

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

follows:

> This Request seeks information that is sensitive and confidential and would require Archdiocese to disclose the identity of prior claimants in violation of assurances of anonymity given to these persons by the bankruptcy court where they filed their claims, by Oregon courts which allowed them to proceed under their initials rather than their names, or in their settlement agreements.

*Archdiocese Defendants' Response to Request for Production* at 23.

Archdiocese Defendants do not assert that the information sought is privileged. Instead, they argue that it is "sensitive and confidential." This appears to be an argument based on a right to privacy of other survivors of abuse. To the extent that Defendant is asserting an objection on such privacy grounds, this argument fails. First, Archdiocese Defendants are not in a position to assert the privacy rights of third parties. *See, e.g., Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1975) (A party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").

Secondly, to the extent that the Archdiocese is in any position to raise legitimate concerns about the privacy interests of other survivors of abuse, such concerns are appropriately resolved by way of the protective order in place in this case. Exhibit 5. This protective order allows the Archdiocese Defendants to mark documents it believes are sensitive as "confidential," which in turn triggers a duty by all parties not to disclose those documents to anyone outside of those set forth in the protective order (limiting disclosure to parties to this litigation, their experts, deposition or trial witnesses [when necessary] and Court personnel). See *Protective Order* at ¶ 2. Accordingly, privacy interests at issue here are already protected in the context of this case.

In short, Archdiocese Defendants' privacy arguments fail. Archdiocese Defendants have not asserted any legitimate privacy right of its own, it has no standing to assert the privacy rights of third parties, and even if it did, such privacy interests are already protected under the

/ / / /

protective order in place in this case. Litigation often requires the disclosure of information that

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

litigants would prefer remained private.  That subjective desire does not allow Archdiocese

Defendants to prevent Plaintiff from obtaining properly requested evidence to prove her case.

### CONCLUSION

In sum, the requested documents are relevant to Plaintiff's allegations, they are not

privileged or otherwise objectionable, and they are therefore discoverable.  As such, the Court

should grant Plaintiff's Motion to Compel and require Defendant to produce all documents

responsive to this request.

DATED this 30th day of November, 2009.

O'DONNELL CLARK & CREW LLP

 /s/ Kelly Clark
Kelly Clark, OSB No. 831723
Peter B. Janci, OSB No. 074249

MEMORANDUM OF LAW IN SUPPORT OF
                 PLAINTIFF'S MOTION TO COMPEL

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM ARCHDIOCESE DEFENDANTS**, upon:

>Margaret Hoffmann
>SCHWABE WILLIAMSON & WYATT
>Suite 1900
>1211 SW Fifth Avenue
>Portland, OR  97204
>
>*Of Attorneys for Defendants*

and

>Susan Elizabeth Reese
>Susan Elizabeth Reese PC
>1 SW Columbia St., Suite 1800
>Portland, OR  97258
>
>*Attorney for Defendant Fr. J.V.H.*

by ECF on this 30th day of November, 2009.

O'DONNELL CLARK & CREW LLP

 /s/ Kelly Clark
Kelly Clark, OSB No. 831723
Peter B. Janci, OSB No. 074249

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257